HENSON & CUMMING v. WEBSTER FLANNIGAN.

(No. 1203, Op. Book No. 3, p. 169.)

APPEAL from Rusk County. Opinion by WHITE, P. J.

§ 566. *Futures; dealing in, is gambling; contract for, is illegal and cannot be enforced.* The cause of action disclosed by the plaintiff's petition was a transaction in futures, which was nothing more or less than a gambling adventure; and such an one as that it would be against the policy and spirit of the law to recognize as the legitimate basis of a civil action. It is clear that the contract was simply the sale of one hundred bales of cotton, never intended to be delivered, and in which the seller was simply to pay, at the time of the specified delivery, the difference in the price of the cotton as it then stood and the price it was bearing at the time of sale, in case of a decline in price; or, on the other hand, to receive any advance in price, in case the price had advanced, which advance was to be divided between appellants and appellee. In the absence of any statutory enactment with reference to such speculations, the law is well settled that such adventures are but gambling schemes, most pernicious in their tendency and effect, not only upon legitimate trade and commerce, but also upon the morals of the people, and should not be tolerated in law. In some of the states an attempt has been made to suppress the mischief by legislative enactment. In New York it has been held that "a contract for the delivery and acceptance of stock at a future day at a price named, where neither party intends to deliver or accept the shares, but merely to pay the difference according to the rise and fall of the market, is void under the statute against betting and gaming." [Yerkes v. Salomon, 18 N. Y. Sup. Ct. 471; Bigelow v. Benedict, 16 N. Y. Sup. Ct. 429.] Again, "contracts for sale, that do not contemplate the actual *bona fide* delivery of the property by the seller, nor the payment by the buyer, but are intended to be settled by paying the difference in price

at some future time, are gambling contracts, and the broker stands in no better position than the seller to recover differences." [Green, In re, 7 Biss. 338; Clark v. Foss, id. 540; Kingsbury v. Kerwin, 43 N. Y. Sup. Ct. 451.] The proper doctrine is that held in Illinois, Maine and Missouri, to the effect that "a contract for the sale and future delivery of goods, by which the seller has the privilege of delivering or not delivering, and the buyer the privilege of calling or not calling, for the goods, as each may choose, and which, on its maturity, is to be filled by adjusting the differences in the market value, is in the nature of a gambling transaction, and the law will not tolerate it." [Pickering v. Cease, 79 Ill. 328; Rumsey v. Berry, 65 Me. 570; Waterman v. Buckland, 1 Mo. App. 45.] A case very much in point with the case at bar was Lyon v. Culbertson, 83 Ill. 33, in which it was held that "a contract for the sale of wheat in store, to be delivered at a future time, which requires the parties to put up margins as security, and provides that if either party fails, on notice, to put up further margins, according to the market price, the other may treat the contract as filled immediately, and recover the difference between the contract and the market price, without offering to perform his part, or showing an ability to perform, is illegal and void, as having a pernicious tendency." Many other authorities might be cited to the same effect. In our state, we are not aware that the question has ever before been before a court of last resort, except in the case of Marx v. Elsworth, decided by the commissioners of appeal, March 13, 1880, and published in vol. IV, Texas Law Journal, p. 561, the general tenor of which decision, as far as it discusses the matter, is in harmony with the law as above declared. There was no error in the judgment of the court below in sustaining appellee's demurrer to appellants' petition and dismissing the suit.

November 30, 1881.                                    Affirmed.